Filed 3/20/24; Modified and Certified for Pub. 4/18/24 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| LIZBETH BALDERAS,<br><br>  Plaintiff and Appellant,<br><br>v.<br><br>FRESH START<br>HARVESTING, INC.,<br><br>  Defendant and Respondent. | 2d Crim. No. B326759<br>(Super. Ct. No. 22CVO2246)<br>(Santa Barbara County) |

Lizbeth Balderas appeals an order striking her complaint for civil penalties for violations of the California Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) on behalf of herself and 500 other current and former employees of defendant Fresh Start Harvesting, Inc. (Fresh Start). The trial court ruled Balderas lacked standing to bring a representative PAGA action on behalf of other employees because she did not allege "an individual claim" in the action. We conclude Balderas, as an alleged aggrieved employee who was subject to alleged Labor Code violations by Fresh Start, may

bring a "non-individual" or representative PAGA action on behalf of herself and other Fresh Start employees, even though she did not file an individual cause of action seeking individual relief for herself in this action.  We reverse.

FACTS

Lizbeth Balderas was a Fresh Start employee.  In June 2022, she filed a complaint for civil penalties under PAGA against Fresh Start.  She alleged, "Ms. Balderas is not suing in her individual capacity; she is proceeding herein solely under the PAGA, on behalf of the State of California for all aggrieved employees, including herself and other aggrieved employees."

Balderas claimed that Fresh Start did not provide employees with required meal break periods and rest periods, and that Fresh Start provided inaccurate wage statements, made untimely wage payments, and failed to pay wages at termination.

Fresh Start filed a motion to compel arbitration.

On its own motion, the trial court gave notice of its intent to strike Balderas's complaint.  It said because she had not filed an individual action seeking PAGA relief for herself, she lacked standing to pursue a "non-individual" or representative PAGA action on behalf of other employees.

In Balderas's opposition to the trial court's notice of intent to strike her complaint, she wrote that she had "properly filed this action in a purely representative capacity."  (Capitalization & boldface omitted.)  She argued the court was incorrectly relying on language from a United States Supreme Court decision that had incorrectly recited California law on PAGA standing.

The trial court issued an order striking her pleading.

DISCUSSION

<em>Standing to Bring a Representative PAGA Action</em>

2.

"California's Labor Code 'contains a complex scheme for timely compensation of workers, deterrence of abusive employer practices, and enforcement of wage judgments.' " (*Piplack v. In-N-Out Burgers* (2023) 88 Cal.App.5th 1281, 1286.)

Because of "underenforcement of many Labor Code provisions and 'a shortage of government resources to pursue enforcement,' " the Legislature enacted PAGA "to create new civil penalties for Labor Code violations and ' "to allow aggrieved employees" ' " to act as private attorneys general " ' "to recover [those] penalties." ' " (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1113.)

PAGA is a remedial statute intended to protect employees from employer misconduct. Remedial statutes must be broadly interpreted to achieve the legislative goals. (*In re Delila D.* (2023) 93 Cal.App.5th 953, 974.) PAGA provisions must be interpreted broadly to protect employees. (*Adolph v. Uber Technologies, Inc.*, *supra*, 14 Cal.5th at p. 1122.)

Class or representative PAGA actions play " 'an important function in enforcing [the Labor Code] by permitting employees . . . a relatively inexpensive way to resolve their disputes' " about "unlawful" employer conduct. (*Piplack v. In-N-Out Burgers*, *supra*, 88 Cal.App.5th at p. 1286.)

"An employee who brings a PAGA action to recover civil penalties acts ' "as the proxy or agent" ' of the state." (*Adolph v. Uber Technologies, Inc.*, *supra*, 14 Cal.5th at p. 1116.) " 'PAGA is designed primarily to benefit the general public, not the party bringing the action.' " (*Ibid*.) PAGA default civil penalties are intended to deter violations, rather than " 'compensate employees for actual losses incurred.' " (*Id*. at p. 1117.)

The statutory goal is furthered by extending broad standing to aggrieved employees that does not depend on the viability or strength of a plaintiff's individual PAGA claim. In fact, the inability for an employee to pursue an individual PAGA claim does not prevent that employee from filing a representative PAGA action. California courts have consistently held that " '[p]aring away the plaintiff's individual claims' " for one reason or another, " 'does not deprive the plaintiff of standing to pursue representative claims under PAGA.' " (*Adolph v. Uber Technologies, Inc.*, *supra*, 15 Cal.5th at p. 1122.)

These broad-standing policies that allow employees the freedom to bring representative PAGA actions to challenge unfair employer policies had not been questioned until 2022 when the United State Supreme Court made some *observations* about PAGA standing that conflicted with what the California Legislature intended.

In *Viking River Cruises v. Moriana* (2022) _ U.S. _ [213 L.Ed.2d 179, 200-201] (*Viking River*), the United States Supreme Court wrote, "Under PAGA's standing requirement, a plaintiff can maintain non-individual PAGA claims in an action *only by virtue of also maintaining an individual claim in that action*." (Italics added.) "When an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and *PAGA does not allow such persons to maintain suit*." (*Ibid*., italics added.)

In reliance on this language, the trial court struck Balderas's "non-individual" representative PAGA action. It noted that in her complaint Balderas alleged, "Ms. Balderas is not suing in her individual capacity; she is proceeding herein solely under the PAGA, on behalf of the State of California for all

aggrieved employees, including herself and other aggrieved employees" of Fresh Start. Noting that she did not file her own *individual* PAGA claim, the court found under *Viking River* she could not bring this representative PAGA action for penalties.

Balderas contends the trial court erred by relying on *Viking River* because it was wrong on state PAGA standing requirements, and its decision is not binding on California courts. She is correct and the California Supreme Court agrees with her position.

In *Adolph v. Uber Technologies, Inc.*, *supra*, 14 Cal.5th at page 1119, our Supreme Court held *Viking River* was incorrect on PAGA standing and its decision on that issue may not be followed by California courts. The court wrote, "Because '[t]he highest court of each State . . . remains "the final arbiter of what is state law" ' (*Montana v. Wyoming* (2011) 563 U.S. 368, 378, fn. 5 [179 L.Ed.2d 799]), *we are not bound by the high court's interpretation of California law*." (*Ibid.*, italics added.) "And although the high court's interpretations may serve as persuasive authority in cases involving a parallel federal constitutional provision or statutory scheme [citations], *Viking River* does not interpret any federal provision or statute similar to PAGA." (*Ibid.*) In her *Viking River* concurrence, Justice Sotomayor wrote, "Of course, if this Court's understanding of state law is wrong, California courts, in an appropriate case, *will have the last word*." (*Viking River Cruises v. Moriana*, *supra*, _ U.S. _ [213 L.Ed.2d 179, 201], italics added.)

The *Adolph* court concluded that the *Viking River* requirement of having to file an individual PAGA cause of action to have standing to file a representative PAGA suit was incorrect. There are only two requirements for PAGA standing. "The

plaintiff must allege that he or she is (1) 'someone "who was employed by the alleged violator" ' and (2) someone ' "against whom one or more of the alleged violations was committed." ' " (*Adolph v. Uber Technologies, Inc.*, *supra*, 14 Cal.5th at p. 1120.)

Balderas met the standing requirements. She alleged that she 1) was an "aggrieved" employee of Fresh Start, and 2) was subject to one or more Fresh Start violations. She alleged, "[W]hen Employees including Ms. Balderas started work for Fresh Start at around 6:00 a.m. or 7:00 a.m., they regularly were not provided a meal period until after 5 hours of work for shifts longer than 5 hours." This delay in providing timely meal periods for her and other employees violated their right to have "a meal period within the first five (5) hours of work."

Fresh Start claims more is required for standing than what Balderas alleged. But our Supreme Court rejected this claim in *Adolph*. The court declined "to impose additional requirements not found in the statute." (*Adolph v. Uber Technologies, Inc.*, *supra*, 14 Cal.5th at p. 1120.) "A narrower construction of PAGA standing would 'thwart the Legislature's clear intent to deputize employees to pursue sanctions on the state's behalf.' " (*Id.* at p. 1122; see also *Johnson v. Maxim Healthcare Services, Inc.* (2021) 66 Cal.App.5th 924 [employee need not bring an individual claim against her employer to have standing to pursue a PAGA claim; it is sufficient to allege the employee suffered a Labor Code violation].)

DISPOSITION

The order striking the pleading is reversed.  Costs on appeal are awarded to appellant.


GILBERT, P. J.


We concur:


YEGAN, J.


CODY, J.

James F. Rigali, Judge

Superior Court County of Santa Barbara

_____


Workworld Law and Ruben Escobedo III for Plaintiff and Appellant.

Gillett Law, Gregory F. Gillett, and Jon-Erik G. Storm for Defendant and Respondent.

Filed 4/18/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| STATE OF CALIFORNIA ex rel. LIZBETH BALDERAS,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>FRESH START HARVESTING, INC.,<br><br>    Defendant and Respondent. | 2d Crim. No. B326759<br>(Super. Ct. No. 22CVO2246)<br>(Santa Barbara County)<br><br>ORDER MODIFYING OPINION AND CERTIFYING OPINION FOR PUBLICATION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on March 20, 2024, be modified as follows:

1.      On page 1, the following two paragraphs are added to the beginning of the opinion:

        The California Labor Code Private Attorneys General Act of 2004 (PAGA) (Lab. Code, § 2698 et seq.) gives an employee the

unique power to act as a private attorney general to receive fees for certain Labor Code violations.

Here we hold that an employee who does not bring an individual claim against her employer may nevertheless bring a PAGA action for herself and other employees of the company.

2.     On page 1, the first paragraph (which will now be the third paragraph in the opinion) is changed to read:

Lizbeth Balderas appeals an order striking her complaint for civil penalties for violations of PAGA on behalf of herself and 500 other current and former employees of defendant Fresh Start Harvesting, Inc. (Fresh Start).  The trial court ruled Balderas lacked standing to bring a representative PAGA action on behalf of other employees because she did not allege "an individual claim" in the action.  Balderas, an alleged aggrieved employee who was subject to alleged Labor Code violations by Fresh Start, may bring a "non-individual" or representative PAGA action on behalf of herself and other Fresh Start employees.  We reverse.

3.     On page 2, the fifth full paragraph under FACTS is changed to read:

In Balderas's opposition to the trial court's notice of intent to strike her complaint, she argued the court was relying on language from a United States Supreme Court decision that had incorrectly recited California law on PAGA standing.

4.     On page 3, at the end of the third paragraph, "(*Adolph*)" is added to the end of the citation as follows:  (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104, 1113 (*Adolph*).)  Thereafter, throughout the opinion, "*Adolph v. Uber Technologies, Inc.*" is changed to "*Adolph*."

5.      On page 4, on line 2 of the first full paragraph, the words "aggrieved employees that does not depend" are changed to "aggrieved employees who do not depend."

6.      On page 4, on lines 3-4 in the first full paragraph, the words "In fact" are deleted, so the sentence begins, "The inability for an employee to pursue …."

7.      On page 4, on lines 3-4 of the second full paragraph, the sentence ends after the words "had not been questioned until 2022."  The words "That was" are added to the beginning of the next sentence so the sentence begins:  "That was when the United States Supreme Court …."

8.      On page 5, the first and second full paragraphs are combined into one paragraph, and are changed to read:

Balderas contends the trial court erred by relying on *Viking River* because it was wrong on state PAGA standing requirements.  In *Adolph, supra,* 14 Cal.5th at page 1119, our Supreme Court wrote, "Because '[t]he highest court of each State . . . remains "the final arbiter of what is state law" ' (*Montana v. Wyoming* (2011) 563 U.S. 368, 378, fn. 5 [179 L.Ed.2d 799]), *we are not bound by the high court's interpretation of California law*." (*Ibid.*, italics added.)  "And although the high court's interpretations may serve as persuasive authority in cases involving a parallel federal constitutional provision or statutory scheme [citations], *Viking River* does not interpret any federal provision or statute similar to PAGA."  (*Ibid*.)  In her *Viking River* concurrence, Justice Sotomayor wrote, "Of course, if this Court's understanding of state law is wrong, California courts, in an appropriate case, *will have the last word*."  (*Viking River Cruises v. Moriana, supra,* _ U.S. _ [213 L.Ed.2d 179, 201], italics added.)

3.

9.     On page 6, in the first line, the word "have" is changed to "achieve" so the line reads:  "to achieve standing to file a representative PAGA suit was incorrect."

The opinion in the above-entitled matter filed on March 20, 2024, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

There is no change in the judgment.

_____

GILBERT, P. J.            YEGAN, J.            CODY, J.